UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARVELL REED AND DORIAN BIZZLE,

    *Plaintiffs,*

    *v.*                                 Case No: 2:26-cv-768

CITY OF OAK CREEK, MATTHEW HOPPE,
AND KYLE OWENS,

    *Defendants.*

## COMPLAINT

Plaintiffs Marvell Reed and Dorian Bizzle, by their attorneys, Strang Bradley, LLC, for their complaint against Defendants City of Oak Creek, Matthew Hoppe, and Kyle Owens, state:

### INTRODUCTION

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Marvell Reed and Dorian Bizzle's constitutional right to be free from unreasonable search in violation of the Fourth Amendment of the United States Constitution.

2. On January 7, 2026, Marvell Reed and Dorian Bizzle were standing near their car on the side of the road, waiting for AAA to arrive because their car had broken down, when City of Oak Creek police officer Matthew Hoppe stopped to question them.

3. Hoppe eventually searched both Marvell Reed and Dorian Bizzle by reaching his hands into their pockets.

4. Plaintiffs seek actual or compensatory damages against Defendants, and because Hoppe and Owens acted in reckless disregard for Plaintiffs' rights, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

6. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

8. Plaintiff Marvell Reed is a resident of the State of Wisconsin and the County of Milwaukee.

9. Plaintiff Dorian Bizzle is a resident of the State of Wisconsin and the County of Milwaukee.

10. Defendant City of Oak Creek is a political subdivision of the State of Wisconsin and was the employer of individual Defendants Hoppe and Owens at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS. STAT. § 895.46.

11. Defendant City of Oak Creek is sued as an indemnitor.

12. Defendant Matthew Hoppe was, at the time of this occurrence, employed as a police officer in the City of Oak Creek Police Department. At all times relevant to this action, Defendant Hoppe engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

13. At all times relevant to this action, Defendant Hoppe was acting under color of state and local law.

14. At all times relevant to this action, Defendant Hoppe engaged in the conduct complained of within the scope of his employment with the City of Oak Creek.

15. Defendant Kyle Owens was, at the time of this occurrence, employed as a sergeant in the City of Oak Creek Police Department. At all times relevant to this action, Defendant Owens engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

16. At all times relevant to this action, Defendant Owens was acting under color of state and local law.

17. At all times relevant to this action, Defendant Owens engaged in the conduct complained of within the scope of his employment with the City of Oak Creek.

## FACTS

18. On January 7, 2026, Marvell Reed and Dorian Bizzle were standing near their car on the side of the road in Oak Creek, Wisconsin, waiting for AAA to arrive because their car broke down.

3

19.     City of Oak Creek police officer Matthew Hoppe pulled over and started questioning Reed and Bizzle about parking their car on the side of the street in a no-parking zone.

20.     Reed and Bizzle explained that their car broke down, that they tried to jump-start it, but now the battery is dead, so they are waiting for a tow truck to arrive.

21.     Hoppe told Reed and Bizzle that he needed their driver's licenses because their car was parked in a no-parking zone.

22.     Reed asked for a sergeant to come.

23.     Hoppe responded, "I'm going to look in the car then," and radioed for a supervisor to respond to the scene.

24.     Hoppe proceeded to conduct a plain-view search of the car and saw nothing illegal.

25.     Sergeant Owens arrived at the scene.

26.     Hoppe informed Reed and Bizzle that he was going to search their pockets and ordered them to turn around.

27.     Hoppe did not have a warrant and was not placing Reed and Bizzle under arrest.

28.     Hoppe did not conduct a pat-down but instead performed a full-blown search of both Reed and Bizzle.

29.     Hoppe reached into Reed and Bizzle's pockets and rooted around without pausing to run his hands across their outer clothing first.

30.     The search of Reed and Bizzle's pockets revealed nothing illegal.

4

31. Neither Reed nor Bizzle was ever given a warning, citation, or placed under arrest.

32. The tow truck driver arrived and towed their vehicle away.

## COUNT 1:
### 42 U.S.C. § 1983 Claim for Unlawful Search and Failure to Intervene

33. Plaintiffs reallege the above paragraphs.

34. Defendant Hoppe's intentional actions of searching Reed and Bizzle by putting his hands in their pockets without a warrant, consent, or any other valid exception to the warrant requirement violated Plaintiffs' Fourth Amendment right to be free from unreasonable seizure and thus violated 42 U.S.C. § 1983.

35. Defendant Owens knew or should have known that Hoppe's search of the Plaintiffs' pockets was unlawful.

36. Defendant Owens failed to intervene in a constitutional violation that he knew or should have known was happening before him and that he could have stopped.

37. Defendants Hoppe and Owens acted recklessly and with callous indifference to the federally protected rights of Plaintiffs.

38. As a direct and proximate result of Defendants Hoppe and Owens's unlawful actions, Reed and Bizzle suffered damages from loss of liberty, humiliation, and invasion of privacy.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demand actual or compensatory damages against Defendants Hoppe and Owens, the costs of this action, attorneys' fees, and such other further relief that the Court deems just and equitable. And because Defendants Hoppe and Owens acted recklessly and with callous

5

indifference to the federally protected rights of Plaintiffs, Plaintiffs demand punitive damages.

## COUNT 2:
### Indemnification Claim Against City of Oak Creek

39. Plaintiff realleges the above paragraphs.

40. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

41. At all times relevant to this action, Defendants Hoppe and Owens were engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Oak Creek.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against City of Oak Creek plus the cost of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiffs ask this Court to find that the City of Oak Creek is liable to defend this action against Defendants Hoppe and Owens, and required to satisfy any judgment against its employees, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 30 April 2026,

STRANG BRADLEY, LLC

Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob A. Idlas
  Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com